UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS GAON,<br><br>            Plaintiff,<br><br>    v.<br><br>T. LAU, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00182-JLT (PC)<br><br>**FIRST SCREENING ORDER**<br><br>(Doc. 1)<br><br>21-DAY DEADLINE |

Amos Gaon alleges the defendants were deliberately indifferent to his serious medical needs. (Doc. 1.) For the reasons set forth below, Plaintiff fails to state a claim on which relief can be granted. Because he may be able to cure the deficiencies in his pleading, the Court grants Plaintiff leave to file a first amended complaint.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. EXHAUSTION REQUIREMENT

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal a departmental decision, action, condition, or policy having an adverse effect on prisoner welfare. Cal. Code Regs., tit. 15, § 3084.1. Compliance with section 1997e(a) requires California state prisoners to use CDCR's grievance process to exhaust their claims before filing suit. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

## IV. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges the defendants are denying him adequate medical care. (Doc. 1 at 3.) He states that he "has no teeth [and] has requested … dentures and/or liquid diet supplement to sustain himself and has been denied … and told to 'eat regular foods just let them sit in the mouth longer.'" (*Id.*) Plaintiff alleges the "defendants are subjecting him to cruel and unusual punishment." (*Id.*)

### B. Claim for Relief

#### 1. Deliberate Indifference to Serious Medical Needs

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care…." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

4

individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff does not state a cognizable deliberate indifference claim. He provides insufficient facts to show that the defendants knew of a substantial risk of serious harm to him and failed to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 847; *Iqbal*, 556 U.S. at 678. Relatedly, Plaintiff does show how each defendants' actions or failures to act caused the constitutional deprivation of which he complains. *See Johnson*, 588 F.2d at 743. In his factual allegations, Plaintiff refers to the defendants collectively; it is unclear how each defendant is involved in the incidents underlying this action. (*See* Doc. 1 at 3.) Plaintiff does not, for example, provide the dates on which he informed each defendant about his medical needs, what he told each defendant and how and when each defendant responded. As explained in section II.A, *supra*,

5

Plaintiff must provide *every* defendant with fair notice of the claims against him and the grounds upon which they rest. *See Swierkiewicz*, 534 U.S. at 512.

Also, it is unclear whether Plaintiff exhausted his administrative remedies prior to filing suit. On his complaint, Plaintiff checks a box indicating that no administrative remedies are available at California Correctional Institution. (*See* Doc. 1 at 1, 3.) But he also checks boxes indicating that he submitted requests for administrative relief. (*Id.* at 3.) As explained in section III, CDCR has an administrative grievance system for prisoners. Cal. Code Regs., tit. 15, § 3084.1. In general, a prisoner must pursue an administrative grievance through the highest level of review to exhaust his claims prior to filing suit in court. *See Jones*, 549 U.S. at 211, *Sapp*, 623 F.3d at 818; *see also Woodford*, 548 U.S. at 85-86.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff fails to state a claim on which relief can be granted. Because Plaintiff may be able to cure the deficiencies in his pleading, the Court grants him leave to amend his complaint. **Within 21 days** of the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified herein. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified herein. However, he may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1.  Plaintiff is **GRANTED** leave to file a first amended complaint;
2.  The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3.  **Within 21 days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified in this order or, in the

6

alternative, a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **May 26, 2020**                    /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE