UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS GAON,<br><br>            Plaintiff,<br><br>     v.<br><br>T. LAU, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00182-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

On August 27, 2020, the Court issued a screening order directing Plaintiff, within 21 days, to file a second amended complaint curing the deficiencies in his pleading. (Doc. 10.) Plaintiff failed to file an amended complaint within the time provided. Therefore, on October 15, 2020, the Court issued an order to show cause, within 21 days, why this action should not be dismissed. (Doc. 11.) The Court cautioned Plaintiff that failure to comply with the order would "result in a recommendation that this case be dismissed for failure to state a claim and to obey a court order." (*Id.* at 2.) Although more than the allowed time has passed, Plaintiff has failed to respond to the order to show cause.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

*City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to obey court orders and for failure to state a claim on which relief can be granted. The Court DIRECTS the Clerk of the Court to assign a district judge to his action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). <u>Within 14 days</u> of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2020**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

2